UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SINTAYEHU SHIFERAW, Individually and on Behalf of All Others Similarly Situated, | Case No. |
| Plaintiff, | CLASS ACTION |
| vs. | COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS |
| iQIYI, Inc., YU GONG, and XIAODONG WANG, | |
| Defendants. | DEMAND FOR JURY TRIAL |

## INTRODUCTION

Plaintiff Sintayehu Shiferaw ("Plaintiff"), individually and on behalf of all others similarly situated, by Plaintiff's undersigned attorneys, alleges the following based on personal knowledge as to Plaintiff and Plaintiff's own acts, and upon information and belief as to all other matters based upon the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of U.S. Securities and Exchange Commission ("SEC") filings by iQIYI, Inc. ("iQIYI" or the "Company"), as well as media and analyst reports about the Company. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

## SUMMARY OF THE ACTION

1. This is a securities class action brought on behalf of all persons or entities who purchased or otherwise acquired iQIYI securities between March 29, 2018 through April 7, 2020, both dates inclusive (the "Class Period"). The action is brought against iQIYI and certain of its officers and/or directors (collectively, "Defendants") for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), and Rule l0b-5 promulgated thereunder.

2. iQIYI operates a Chinese video online streaming platform which is currently one of the largest video-based websites in the world, with on-demand video content including television shows and movies. The Company generates its revenue primarily from membership services and online advertising.

3. During the Class Period, Defendants made materially false and/or misleading statements and omissions. Specifically, Defendants overstated iQIYI's 2019 revenue by 27%-44% and the Company's user numbers by 42%-60%. The Company also inflated its expenses to conceal these misstatements from investors.

4.     This fraud was revealed on April 7, 2020.  During regular market hours on that date, Wolfpack Research published a 37-page report detailing Defendants' scheme to defraud investors.  Among other things, this report explained how iQIYI had materially overstated its revenue and subscriber numbers.

5.     On this news, iQIYI's American Depositary Shares ("ADSs") fell $1.01 per share, or 5.8 percent, over the remainder of the day and the next full trading day to close at $16.51 per share April 8, 2020.

6.     As a result of Defendants false and/or misleading statements and/or omissions, Plaintiff and the Class have suffered harm under the federal securities laws.

## JURISDICTION AND VENUE

7.     The claims asserted herein arise under Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the SEC, 17 C.F.R. § 240.10b-5.

8.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1337, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

9.     Venue is proper in this District pursuant to Section 27 of the Exchange Act (15 U.S.C. §78aa) and 28 U.S.C. §1391(b) as a significant portion of Defendants' actions, and the subsequent damages, took place within this District.

10.    In connection with the acts alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, the United States mails, interstate telephone communications and the facilities of the NASDAQ Global Select Market ("NASDAQ").  Defendants disseminated the statements alleged to be false and misleading herein into this District and the Defendants solicited purchasers of iQIYI securities in this District.

## PARTIES

11.     Plaintiff, as set forth in the accompanying Certification, which is incorporated by reference herein, purchased the Company's securities at artificially inflated prices during the Class Period and was damaged as the result of Defendants' wrongdoing as alleged in this complaint.

12.     Defendant iQIYI operates an internet video streaming service in China. Defendant iQIYI is incorporated in the Cayman Islands and maintains its principal executive offices in Beijing, China. The Company's ADSs are listed on the NASDAQ under the ticker symbol "IQ." The Company's agent for service in the United States is Law Debenture Services Inc., 801 2nd Avenue, Suite 403, New York, New York 10017.

13.     Defendant Yu Gong ("Gong") is and was at all relevant times the Company's Chief Executive Officer ("CEO") and a Director on iQIYI's Board of Directors.

14.     Defendant Xiaodong Wang ("Wang") is and was at all relevant times the Company's Chief Financial Officer ("CFO").

15.     Defendants Gong and Wang are collectively referred to hereinafter as the "Individual Defendants." The Individual Defendants, because of their positions with the Company, possessed the power and authority to control the contents of iQIYI's reports to the SEC, press releases, and presentations to securities analysts, money portfolio managers and institutional investors, *i.e.*, the market. The Individual Defendants were provided with copies of the Company's reports alleged herein to be misleading prior to, or shortly after, their issuance and had the ability and opportunity to prevent their issuance or cause them to be corrected. Because of their positions and access to material non-public information available to them, the Individual Defendants knew that the adverse facts specified herein had not been disclosed to, and were being concealed from, the public, and that the positive representations which were

being made were then materially false and/or misleading. The Individual Defendants are liable for the false statements pleaded herein, as those statements were each "group-published" information, the result of the collective actions of the Individual Defendants.

16. iQIYI and the Individual Defendants are referred to herein, collectively, as "Defendants."

## SUBSTANTIVE ALLEGATIONS

### Company Information

17. iQIYI is a leading Chinese video-on-demand streaming platform, with nearly 6 billion hours spent on its service each month, and over 500 million monthly active users. It provides on-demand video content including television shows and movies, and generates its revenue primarily from membership services and online advertising. The Company held its initial public offering ("IPO") on March 29, 2018, after which its shares began trading on the NASDAQ under the ticker symbol "IQ".

### Materially False and Misleading Statements Issued During the Class Period

18. On February 27, 2018, iQIYI filed with the SEC a registration statement on Form F-1 (the "Registration Statement"), which in combination with subsequent amendments on Forms F-1/A and filed pursuant to Rule 424(b)(4), were used in connection with its IPO.

19. The Class Period begins on March 29, 2018, when iQIYI filed with the SEC its final prospectus for the IPO on Form 424B4 (the "Prospectus"), which also forms part of the Registration Statement. In the Prospectus, iQIYI reported the Company's increasing subscriber numbers as well as its increasing membership services revenues and total revenue. Specifically, the Prospectus noted that "***Our subscribing members reached 60.1 million as of February 28, 2018, over 98% of whom were paying subscribing members***."

20. The Prospectus went on to note that the membership services revenue of the Company had increased as a result of the increased subscribers, "*by 277.5% from RMB996.7 million in 2015 to RMB3,762.2 million in 2016, and further by 73.7% from RMB3,762.2 million in 2016 to RMB6,536.0 million (US$1,004.6 million) in 2017*."

21. The Prospectus further stated that total revenues had also increased as a result of the increase in users, stating that "We have grown rapidly with *total revenues increasing by 111.3% from RMB5,318.6 million 2015 to RMB11,237.4 million in 2016, and further by 54.6% from RMB11,237.4 million in 2016 to RMB17,378.4 million (US$2,671.0 million) in 2017*."

22. In addition, the Prospectus reported the following information regarding its bartering transaction revenues and related costs: "*The Group recognized barter sublicensing revenues of RMB349,834, RMB382,478 and RMB762,741 (US$177,231) and related costs of RMB265,410, RMB362,760 and RMB650,442 (US$99,971) for the years ended December 31, 2015, 2016, and 2017 respectively.*"

23. On July 31, 2018, iQIYI issued a press release that reported the Company's financial results for its quarter ending June 30, 2018. Among other things, the press release reported iQIYI's quarterly revenue, subscriber metrics, and its deferred revenue balance.

24. On October 30, 2018, iQIYI issued a press release that reported the Company's financial results for its quarter ending September 30, 2018. Among other things, the press release reported iQIYI's quarterly revenue, subscriber metrics, and its deferred revenue balance.

25. On February 21, 2019, iQIYI issued a press release that reported the Company's financial results for its quarter ending December 31, 2018. Among other things, the press release reported iQIYI's quarterly revenue, subscriber metrics, and its deferred revenue balance.

26.     On March 15, 2019, iQIYI filed with the SEC its 2018 annual report on Form 20-F (the "2018 Annual Report") for the year ended December 31, 2018.  Among other things, the 2018 Annual Report reported iQIYI's annual revenue, including revenues from barter transactions, subscriber metrics, and its deferred revenue balance.  It specifically noted that ***"[t]he number of subscribing members increased by 72% from 50.8 million as of December 31, 2017 to 87.4 million as of December 31, 2018***."  The 2018 Annual Report further stated that this subscriber increase had led to an increase in membership services revenue "***by 72.3% from RMB6,166.1 million (net of VAT) in 2017 to RMB10,622.8 million (US$1,545.0 million) in 2018, primarily driven by the increase in the number of subscribing members***."

27.     The 2018 Annual Report also provided disclosures about iQIYI's July 17, 2018 acquisition of Skymoons Inc. and Chengdu Skymoons Digital Entertainment Co., Ltd. (collectively, "Skymoons"), entities that focus on the development of mobile games.  Since the acquisition date, the Skymoons' results have been included in iQIYI's consolidated financial statements.

28.     Attached to the 2018 Annual Report were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Gong and Wang attesting to the accuracy of iQIYI's financial reporting, the adequacy of the Company's internal control over financial reporting, and the disclosure of all fraud at the Company.

29.     On May 16, 2019, iQIYI issued a press release that reported the Company's financial results for its quarter ending March 31, 2019.  Among other things, the press release reported iQIYI's quarterly revenue, subscriber metrics, and its deferred revenue balance.

6

30. On August 19, 2019, iQIYI issued a press release that reported the Company's financial results for its quarter ending June 30, 2019. Among other things, the press release reported iQIYI's quarterly revenue, subscriber metrics, and its deferred revenue balance.

31. On November 6, 2019, iQIYI issued a press release that reported the Company's financial results for its quarter ending September 30, 2019. Among other things, the press release reported iQIYI's quarterly revenue, subscriber metrics, and its deferred revenue balance.

32. On March 12, 2020, iQIYI filed with the SEC its 2019 annual report on Form 20-F (the "2019 Annual Report") for the year ended December 31, 2019. Among other things, the 2019 Annual Report reported iQIYI's annual revenue, including revenues from barter transactions, subscriber metrics, and its deferred revenue balance. It specifically noted that ***"[t]he number of subscribing members increased by 22.3% from 87.4 million as of December 31, 2018 to 106.9 million as of December 31, 2019***." The 2019 Annual Report further stated that this subscriber increase had led to an increase in membership services revenue "***by 16.0% from RMB24,989.1 million in 2018 to RMB28,993.7 million (US$4,164.7 million) in 2019***."

33. Attached to the 2019 Annual Report were certifications pursuant to the Sarbanes-Oxley Act of 2002 ("SOX") signed by Defendants Gong and Wang attesting to the accuracy of iQIYI's financial reporting, the adequacy of the Company's internal control over financial reporting, and the disclosure of all fraud at the Company.

34. Defendants' statements referenced above were materially false and/or misleading because they misrepresented adverse facts pertaining to the Company's business, operations, and financial condition, which were known to or recklessly disregarded by Defendants. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) iQIYI materially overstated its reported revenues; (2) iQIYI materially overstated its

reported user numbers; (3) iQIYI inflated its expense to conceal other fraud; and (4) as a result, Defendants' public statements were materially false and misleading at all relevant times.

35.   Moreover, under Item 303 of SEC Regulation S-K, 17 C.F.R. § 229.303 ("Item 303"), Defendants Gong and Wang were required to "[d]escribe any known trends or uncertainties that have had or that the registrant reasonably expects will have a material favorable or unfavorable impact on the sales or revenues or income from continuing operations," in iQIYI's reporting with the SEC.  Defendant Gong and Wang's failure to disclose adverse material trends in iQIYI's annual reports violated Item 303, because these undisclosed facts were known to Defendants and would (and did) have an unfavorable impact on the Company's financial results.

36.   Due to Defendants' materially false and/or misleading statements and omissions, iQIYI securities traded at artificially inflated prices throughout the Class Period.

## The Truth Emerges

37.   On April 7, 2020, during market hours, Wolfpack Research published a report detailing how Defendants' defrauded investors.  The report concluded that iQIYI had been committing fraud well before its IPO and had continued to do so ever since.  In particular, iQIYI had inflated its 2019 revenue by about $1.1 billion to $1.8 billion, 27% to 44% over its actual revenue.

38.   According to the report, Defendants also overstated its user numbers by approximately 42% to 60%.  iQIYI then inflated its expenses, the prices it paid for content, other assets, and acquisitions, including Skymoons, in order to burn off fake cash to hide this fraud from its investors.

39.   Wolfpack Researchnoted that it had conducted in-person surveys of 1,563 people within iQIYI's target demographic in China during October 2019 and November 2019 and

found that approximately one third of iQIYI users have access to its VIP-only content through their memberships with IQ's partners. The research further showed that a substantial amount of these memberships were acquired for free or "near-free" under some "buy-one-get-one" offers.

40. The report also found that iQIYI accounts for dual membership on a gross basis, meaning it records the full amount of revenue and records its partners' share as expenses. This allows iQIYI to inflate its revenues and burn off fake cash at the same time.

41. On this news, iQIYI's American Depositary Shares ("ADSs") fell $1.01 per share, or 5.8 percent, over the remainder of the day and the next full trading day to close at $16.51 per share April 8, 2020.

## UNDISCLOSED ADVERSE FACTS

42. The market for iQIYI's securities was open, well-developed and efficient at all relevant times. As a result of these materially false and/or misleading statements, and/or failures to disclose, iQIYI's securities traded at artificially inflated prices during the Class Period. Plaintiff and other members of the Class purchased or otherwise acquired iQIYI securities relying upon the integrity of the market price of the Company's securities and market information relating to iQIYI, and have been damaged thereby.

43. During the Class Period, Defendants materially misled the investing public, thereby inflating the price of iQIYI's securities, by publicly issuing false and/or misleading statements and/or omitting to disclose material facts necessary to make Defendants' statements, as set forth herein, not false and/or misleading. These statements and omissions were materially false and/or misleading in that they failed to disclose material adverse information and/or misrepresented the truth about iQIYI's business, operations, and prospects as alleged herein.

44. At all relevant times, the material misrepresentations and omissions particularized in this Complaint directly or proximately caused, or were a substantial contributing cause, of the damages sustained by Plaintiff and other members of the Class. As described herein, during the Class Period, Defendants made, or caused to be made a series of materially false and/or misleading statements about iQIYI's financial well-being and prospects. These material misstatements and/or omissions had the cause and effect of creating in the market an unrealistically positive assessment of the Company and its financial well-being and prospects, thus causing the Company's securities to be overvalued and artificially inflated at all relevant times. Defendants' materially false and/or misleading statements during the Class Period resulted in Plaintiff and other members of the Class purchasing the Company's securities at artificially inflated prices, thus causing the damages complained of herein.

## ADDITIONAL SCIENTER ALLEGATIONS

45. During the Class Period, as alleged herein, the Individual Defendants acted with scienter in that the Individual Defendants knew or were reckless as to whether the public documents and statements issued or disseminated in the name of the Company during the Class Period were materially false and misleading; knew or were reckless as to whether such statements or documents would be issued or disseminated to the investing public; and knowingly and substantially participated or acquiesced in the issuance or dissemination of such statements or documents as primary violations of the federal securities laws.

46. The Individual Defendants permitted iQIYI to release these false and misleading statements and failed to file the necessary corrective disclosures, which artificially inflated the value of the Company's securities.

47. As set forth herein, the Individual Defendants, by virtue of their receipt of information reflecting the true facts regarding iQIYI, their control over, receipt, and/or

modification of iQIYI's allegedly materially misleading statements and omissions, and/or their positions with the Company that made them privy to confidential information concerning iQIYI, participated in the fraudulent scheme alleged herein.

48. The Individual Defendants are liable as participants in a fraudulent scheme and course of conduct that operated as a fraud or deceit on purchasers of iQIYI's securities by disseminating materially false and misleading statements and/or concealing material adverse facts. The scheme deceived the investing public regarding iQIYI's business, operations, and management and the intrinsic value of iQIYI's securities and caused Plaintiff and members of the Class to purchase iQIYI's securities at artificially inflated prices.

## LOSS CAUSATION/ECONOMIC LOSS

49. During the Class Period, as detailed herein, iQIYI and Individual Defendants made false and misleading statements and engaged in a scheme to deceive the market and a course of conduct that artificially inflated the prices of iQIYI's securities, and operated as a fraud or deceit on Class Period purchasers of iQIYI's securities by misrepresenting the value and prospects for the Company's business, growth prospects, and accounting compliance. Later, when Defendants' prior misrepresentations and fraudulent conduct were disclosed to the market, the price of iQIYI's securities fell precipitously, as the prior artificial inflation came out of the price. As a result of their purchases of iQIYI's securities during the Class Period, Plaintiff and other members of the Class suffered economic loss, *i.e.*, damages, under the federal securities laws.

## APPLICABILITY OF PRESUMPTION OF RELIANCE: FRAUD ON THE MARKET

50. Plaintiff will rely upon the presumption of reliance established by the fraud-on-the-market doctrine in that, among other things:

(a) Defendants made public misrepresentations or failed to disclose material facts during the Class Period;

(b) the omissions and misrepresentations were material;

(c) the Company's securities traded in an efficient market;

(d) the misrepresentations alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

(e) Plaintiff and other members of the Class purchased iQIYI's securities between the time Defendants misrepresented or failed to disclose material facts and the time the true facts were disclosed, without knowledge of the misrepresented or omitted facts.

51. At all relevant times, the markets for iQIYI's securities were efficient for the following reasons, among others:

(a) as a regulated issuer, iQIYI filed periodic public reports with the SEC;

(b) iQIYI regularly communicated with public investors via established market communication mechanisms, including through regular disseminations of press releases on the major news wire services and through other wide-ranging public disclosures, such as communications with the financial press, securities analysts, and other similar reporting services;

(c) iQIYI was followed by several securities analysts employed by major brokerage firm(s) who wrote reports that were distributed to the sales force and certain customers of their respective brokerage firm(s) and that were publicly available and entered the public marketplace; and

(d) iQIYI's ADSs were actively traded in an efficient market, namely the NASDAQ, under the ticker symbol "IQ."

52.     As a result of the foregoing, the market for iQIYI securities promptly digested current information regarding iQIYI from all publicly available sources and reflected such information in iQIYI's ADS price.  Under these circumstances, all purchasers of iQIYI's securities during the Class Period suffered similar injury through their purchase of iQIYI's securities at artificially inflated prices and the presumption of reliance applies.

53.     Further, to the extent that the Exchange Act Defendants concealed or improperly failed to disclose material facts with regard to the Company, Plaintiff is entitled to a presumption of reliance in accordance with *Affiliated Ute Citizens v. United States*, 406 U.S. 128, 153 (1972).

## NO SAFE HARBOR

54.     The statutory safe harbor provided for forward-looking statements under certain circumstances does not apply to any of the allegedly false statements pleaded in this Complaint. The statements alleged to be false and misleading herein all relate to then-existing facts and conditions.  In addition, to the extent certain of the statements alleged to be false may be characterized as forward looking, they were not identified as "forward-looking statements" when made and there were no meaningful cautionary statements identifying important factors that could cause actual results to differ materially from those in the purportedly forward-looking statements.  In the alternative, to the extent that the statutory safe harbor is determined to apply to any forward-looking statements pleaded herein, Defendants are liable for those false forward-looking statements because at the time each of those forward-looking statements were made, the speaker had actual knowledge that the forward-looking statement was materially false or misleading, and/or the forward-looking statement was authorized or approved by an executive officer of iQIYI who knew that the statement was false when made.

## **CLASS ACTION ALLEGATIONS**

55. Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons or entities who purchased or otherwise acquired iQIYI's securities during the Class Period (the "Class"). Excluded from the Class are: Defendants; the Excluded D&Os; members of Defendants' and the Excluded D&Os' immediate families; the subsidiaries and affiliates of the Company, including the Company's employee retirement and benefit plan(s) and their participants or beneficiaries, to the extent they made purchases through such plan(s); any entity in which Defendants or the Excluded D&Os have or had a controlling interest; and the legal representatives, heirs, successors or assigns of any excluded person or entity.

56. There is a well-defined community of interest in the questions of law and fact involved in this case. Questions of law and fact common to the members of the Class which predominate over questions which may affect individual Class members include:

    (a)    Whether the Exchange Act was violated by Defendants;

    (b)    Whether Defendants omitted and/or misrepresented material facts;

    (c)    Whether Defendants' statements omitted material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading;

    (d)    Whether Defendants knew or recklessly disregarded that their statements were false and misleading;

    (e)    Whether the price of iQIYI's securities was artificially inflated; and

    (f)    The extent of the damage sustained by Class members and the appropriate measure of damages.

57. Plaintiff's claims are typical of those of the Class because Plaintiff and the Class sustained damages from Defendants' wrongful conduct.

58. Plaintiff will adequately protect the interests of the Class and has retained counsel experienced in securities class action litigation. Plaintiff has no interests that conflict with those of the Class.

59. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

## COUNT I

### For Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Against All Defendants

60. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

61. During the Class Period, Defendants disseminated or approved the false statements specified above, which they knew or recklessly disregarded were misleading in that they contained misrepresentations and failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

62. Defendants violated Section 10(b) of the Exchange Act and Rule 10b-5 in that they:

    (a) Employed devices, schemes, and artifices to defraud;

    (b) Made untrue statements of material facts or omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)     Engaged in acts, practices, and a course of business that operated as a fraud or deceit upon Plaintiff and others similarly situated in connection with their purchases of iQIYI's securities during the Class Period.

63.     Plaintiff and the Class have suffered damages in that, in reliance on the integrity of the market, they paid artificially inflated prices for iQIYI's securities.  Plaintiff and the Class would not have purchased iQIYI's securities at the prices they paid, or at all, if they had been aware that the market prices had been artificially and falsely inflated by Defendants' misleading statements.

64.     As a direct and proximate result of these Defendants' wrongful conduct, Plaintiff and the other members of the Class suffered damages in connection with their purchases of iQIYI's securities during the Class Period.

## COUNT II

### For Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

65.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66.     The Individual Defendants acted as controlling persons of iQIYI within the meaning of Section 20(a) of the Exchange Act.  By virtue of their positions and their power to control public statements about iQIYI, the Individual Defendants had the power and ability to control the actions of iQIYI and its employees.  By reason of such conduct, Defendants are liable pursuant to Section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

      A.      Determining that this action is a proper class action, designating Plaintiff as Lead Plaintiff and certifying Plaintiff as a Class representative under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel as Lead Counsel;

      B.      Awarding compensatory damages in favor of Plaintiff and the other Class members against all Defendants, jointly and severally, for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;

      C.      Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

      D.      Awarding such equitable/injunctive or other relief as deemed appropriate by the Court.

## JURY DEMAND

Plaintiff demands a trial by jury.

DATED: April 17, 2020                                          Respectfully submitted,

                                                                **LABATON SUCHAROW LLP**

                                                                 /s/ *Francis P. McConville*
                                                                 Christopher J. Keller
                                                                 Eric J. Belfi
                                                                 Francis P. McConville
                                                                 140 Broadway
                                                                 New York, New York 10005
                                                                 Telephone: (212) 907-0700
                                                                 Facsimile: (212) 818-0477
                                                                ckeller@labaton.com
                                                                ebelfi@labaton.com
                                                                fmcconville@labaton.com

                                                                *Counsel for Plaintiff*

**CERTIFICATION**

I, Sintayehu Shiferaw, hereby certify as follows:

1. I have reviewed a complaint prepared against IQIYI Inc ("IQ") alleging violations of the federal securities laws, generally adopt its allegations without waiving the right to alter the allegations in a consolidated and/or amended complaint, and authorize the filing of this pleading;

2. I did not transact in the securities of IQ at the direction of counsel or in order to participate in any private action under the federal securities laws;

3. I am willing to serve as a lead plaintiff and representative party in this matter, including providing testimony at deposition and trial, if necessary. I fully understand the duties and responsibilities of the lead plaintiff under the Private Securities Litigation Reform Act, including the selection and retention of counsel and overseeing the prosecution of the action for the Class;

4. My transactions in IQ securities are reflected in Exhibit A attached hereto;

5. I have not sought to serve as a lead plaintiff in any class action filed under the federal securities laws during the last three years;

6. Beyond my pro rata share of any recovery, I will not accept payment for serving as a lead plaintiff and representative party on behalf of the Class, except the reimbursement of such reasonable costs and expenses (including lost wages) as ordered or approved by the Court.

I declare under penalty of perjury, under the laws of the United States, that the foregoing is true and correct this 17th day of April, 2020.

DocuSigned by:
*Sintayehu Shiferaw*
DC415A73C826416...
Sintayehu Shiferaw

## EXHIBIT A

## TRANSACTIONS IN IQ

PURCHASED 2560   IQ SHARES  AT  $35.15.   JULY 17,  2018