UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| SINTAYEHU SHIFERAW, Individually and on Behalf of All Others Similarly Situated, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs | :    20-cv-3115 (DLC) |
| | : |
| iQIYI, INC., YU GONG, and XIAODONG WANG, | : |
| | : |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT IQIYI INC.'S
### MOTION TO TRANSFER VENUE TO THE EASTERN DISTRICT OF NEW YORK

Scott D. Musoff
Robert A. Fumerton
Michael C. Griffin
**SKADDEN, ARPS, SLATE,
  MEAGHER & FLOM LLP**
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile:  (917) 735-2000
scott.musoff@skadden.com
robert.fumerton@skadden.com
michael.griffin@skadden.com

*Counsel for Defendant iQIYI Inc.*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ............................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................2

      A.    The First-Filed Action Is Commenced in the E.D.N.Y. ..........................................2

      B.    Duplicative Actions are Filed Here
             and in the Northern District of California ................................................................2

ARGUMENT ....................................................................................................................3

I.      THIS ACTION SHOULD BE TRANSFERRED TO THE E.D.N.Y. ...............................3

      A.    Venue is Proper in the E.D.N.Y. ...........................................................................3

      B.    The Interests of Justice Warrant Transfer to the E.D.N.Y. .....................................4

CONCLUSION ..................................................................................................................6

## **TABLE OF AUTHORITIES**

### CASES

*In re Anadarko Petroleum Corp.*,
    Lead Case Nos. 10 Civ. 4905 (PGG), 10 Civ. 05894 (PGG), 2012 WL 12894796
    (S.D.N.Y. Mar. 19, 2012) .................................................................................................5

*Garity v. Tetraphase  Pharmaceuticals Inc.*,
    No. 1:18-cv-06797 (ALC), 2019 WL 2314691 (S.D.N.Y. May 30, 2019) ........................4

*In re Global Cash Access Holdings, Inc. Securities Litigation*,
    No. 08 Cv. 3516(SWK), 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ..........................5

*Holiday Image LLC v. Victoria's Secret Stores Brand Management, Inc.*,
    No. 14-CV-8660 (JMF), 2015 WL 366931 (S.D.N.Y. Jan. 28, 2015) ..............................5

*MasterCard International Inc. v. Lexcel Sols., Inc.*,
    No. 03 Civ.7157(WHP), 2004 WL 1368299 (S.D.N.Y. June 16, 2004) ...........................5

*Maverick Fund, L.D.C. v. Lender Processing Services, Inc.*,
    No. 13 Civ. 5474(DLC), 2013 WL 6467889 (S.D.N.Y. Dec. 10, 2013) ...........................4

*New York Marine & General Insurance Co. v. Lafarge North America, Inc.*,
    599 F.3d 102 (2d Cir. 2010)..............................................................................................5

*P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc.*,
    No. 14-CV-7263 (JSR), 2014 WL 6769377 (S.D.N.Y. Nov. 12, 2014).............................3

*Park v. McGowan*,
    No. 11-CV-3454 (JG)(CLP), 2011 WL 6329797 (E.D.N.Y. Dec. 16, 2011)....................4

*Sterckx v. Luckin Coffee Inc.*,
    No. 20-cv-01677(KAM)(VMS), 2020 WL 1941283  (E.D.N.Y. Apr. 22, 2020)...............5

*Truk International Fund, LP v. Wehlmann*,
    No. 08 Civ. 8462(PGG), 2009 WL 1456650 (S.D.N.Y. May 20, 2009) ...........................3

*In re Vale S.A. Securities Litigation*,
    No. 19 CV 526 (RJD) (SJB), 2019 WL 4306362 (E.D.N.Y. Sept. 9, 2019) .....................4

*Williams v. City of New York*,
    No. 03 CIV. 5342(RWS), 2006 WL 399456 (S.D.N.Y. Feb. 21, 2006).............................4

*Wyndham Associates v. Bintliff*,
    398 F.2d 614 (2d Cir. 1968)...............................................................................................5

## STATUTES

15 U.S.C. § 78aa(a) ......................................................................................................................3

15 U.S.C. § 78u-4(a)(3)(A)(ii) ......................................................................................................6

15 U.S.C. § 78u-4(a)(3)(B)(ii) ...............................................................................................1, 3, 6

28 U.S.C. § 1404(a) ......................................................................................................................3

Defendant iQIYI Inc. ("iQIYI") respectfully submits this memorandum of law in support of its motion to transfer venue to the United States District Court for the Eastern District of New York ("E.D.N.Y.") pursuant to 28 U.S.C. § 1404(a).[1]

## PRELIMINARY STATEMENT

This Action, the second of three duplicative putative securities fraud class actions, should be transferred to the E.D.N.Y., where the first-filed action captioned *Lee v. iQIYI, Inc.*, 20-cv-1830 (the "E.D.N.Y. Action"), is pending.  This Action, the E.D.N.Y Action and a third action filed after this one in the Northern District of California captioned *Jenkins v. iQIYI, Inc.*, 20-cv-2882 (the "California Action") all assert virtually identical federal securities claims arising out of iQIYI's initial public offering ("IPO") and subsequent disclosures based on a recent short seller attack against the company.  All three cases are at the earliest stage, with lead plaintiffs motions due on June 15, 2020.  Because these cases assert the same claims against the same defendants seeking the same relief on behalf of the same putative class of investors, they should be consolidated before a lead plaintiff is appointed, as contemplated by the Private Securities Litigation Reform Act ("PSLRA").  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii).  In order to be consolidated, however, the cases first must be transferred to the same court.  Under the long-standing "first filed" doctrine, all else being equal (as it is here), duplicative cases should be consolidated in the venue of the first-filed action.  Accordingly, this Action should be transferred to the E.D.N.Y., where the first-filed action is pending.  Concurrent with this motion, iQIYI is also moving to transfer the California Action to the E.D.N.Y.

---

[1]    None of the individual defendants – Yu Gong and Xiaodong Wang – have yet been served in this Action.

## STATEMENT OF FACTS

**A.     The First-Filed Action Is Commenced in the E.D.N.Y.**

On April 16, 2020, Jean Lee, a purported holder of iQIYI American Depository Shares ("ADSs"), filed the E.D.N.Y. Action against iQIYI, Yu Gong (iQIYI's CEO) and Xiaodong Wang (iQIYI's CFO) on behalf of all investors who purchased iQIYI ADSs between March 29, 2018, and April 7, 2020.  (*See* Ex. A (E.D.N.Y. Complaint) ¶¶ 1, 8-11.[2])  Parroting a recent short seller attack, the E.D.N.Y. Action asserts claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), alleging that the defendants made false or misleading statements regarding iQIYI's revenue figures, user numbers and expenses in iQIYI's prospectus and registration statement for the IPO (together, the "Offering Documents").  (*Id.* ¶¶ 15-43, 50-65.)

**B.     Duplicative Actions Are Filed Here and in the Northern District of California**

The day after the E.D.N.Y. Action was filed, a second purported investor filed this Action, which is virtually identical to the E.D.N.Y Action.  Both actions assert the same Exchange Act claims against the same defendants on behalf of the same class based on the same allegations in the short seller report.  (*See* Complaint ¶¶ 1, 12-15, 17-44, 60-66.)  Ten days later, a third purported investor filed the California Action.  (*See* Ex. B (California Complaint).)  The California Action asserts the same claims as the E.D.N.Y. Action and this Action, as well as claims under Sections 11 and 15 of Securities Act of 1933, based on the same alleged misstatements in the Offering Documents.  (*Id.* ¶¶ 35-59, 73-86, 87-102.)  All three actions are in the earliest stages.  Lead plaintiff motions are due on June 15, 2020.  (*See* Ex. C (E.D.N.Y. Scheduling Order).)

---

[2]     The exhibits referenced herein are attached to the accompanying Declaration of Robert A. Fumerton, dated June 5, 2020.

## ARGUMENT

## I.     THIS ACTION SHOULD BE TRANSFERRED TO THE E.D.N.Y.

The PSLRA requires related securities class actions be consolidated prior to appointment of a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(ii) ("If more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed, and any party has sought to consolidate those actions for pretrial purposes or for trial, the court shall not make the [lead plaintiff] determination. . . until after the decision on the motion to consolidate is rendered.").  Before the three actions at issue here can be consolidated, however, they must be transferred to the same court.

A court may grant a motion to transfer venue "[f]or the convenience of parties and witnesses, in the interest of justice . . . to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  Transfer is appropriate where, as here, (i) the case originally could have been brought in the transferee district; and (ii) transfer is in the interest of justice and convenience of the parties and witnesses.  *See P.E.A. Films, Inc. v. Metro-Goldwyn-Mayer, Inc.*, No. 14-CV-7263 (JSR), 2014 WL 6769377, at *1 (S.D.N.Y. Nov. 12, 2014) (Rakoff, J.) (granting motion to transfer under Section 1404(a)).  As demonstrated below, venue of this Action is proper in the E.D.N.Y. and the interests of justice warrant transfer.

## A.     Venue Is Proper in the E.D.N.Y.

There is no dispute that the E.D.N.Y. is a proper venue and this Action could have been brought there, pursuant to the Exchange Act's liberal nationwide venue provision.  *See* 15 U.S.C. § 78aa(a); *see also Truk Int'l Fund, LP v. Wehlmann*, No. 08 Civ. 8462(PGG), 2009 WL 1456650, at *3 (S.D.N.Y. May 20, 2009) (Gardephe, J.) ("Given the nature of securities fraud actions, it is well-established that the special venue provisions should be liberally construed." (citation omitted)).

**B.      The Interests of Justice Warrant Transfer to the E.D.N.Y.**

"Where the motion to transfer relates to the Eastern and Southern Districts of New

York—a 'relatively short walk across the Brooklyn Bridge'— many of the typical factors

evaluated in motions to transfer are considered 'neutral' and the primary considerations become

(i) plaintiff's choice of forum, and (ii) the interests of justice and judicial economy."  *In re Vale*

*S.A. Sec. Litig.*, No. 19 CV 526 (RJD) (SJB), 2019 WL 4306362, at *1 (E.D.N.Y. Sept. 9, 2019)

(citations omitted); *see also Williams v. City of N.Y.*, No. 03 CIV. 5342(RWS), 2006 WL

399456, at *3 (S.D.N.Y. Feb. 21, 2006) (Sweet, J.) ("Given the proximity of the courts in the

Southern and Eastern Districts of New York, the aforementioned [convenience] factors do not

pose an obstacle to transferring this action to the Eastern District.").[3]

Here, only the interests of justice factor is relevant, as "courts afford little weight to a

plaintiff's choice of forum in a securities class action."  *Garity v. Tetraphase Pharm. Inc.*, No.

1:18-cv-06797 (ALC), 2019 WL 2314691, at *2 (S.D.N.Y. May 30, 2019) (Carter, J.) (compiling

cases); *see also Maverick Fund, L.D.C. v. Lender Processing Servs., Inc.*, No. 13 Civ.

5474(DLC), 2013 WL 6467889, at *2 (S.D.N.Y. Dec. 10, 2013) (Cote, J.) ("[D]istrict courts

should locate the degree of deference to be afforded a plaintiff's forum choice 'on a sliding

scale' . . . ." (citation omitted)).

The interests of justice warrant transfer to the forum where the first-filed action is

pending.  The Second Circuit has long recognized a "strong policy favoring the litigation of

related claims in the same tribunal in order that pretrial discovery can be conducted more

---

[3]    *See also Park v. McGowan*, No. 11-CV-3454 (JG)(CLP), 2011 WL 6329797, at *4 (E.D.N.Y. Dec. 16, 2011)
("Given the especially close proximity of the Eastern and Southern Districts of New York, most of the factors
bearing on transfer are neutral. Neither district offers a clear advantage for the convenience of parties or
witnesses, the location of relevant documents or sources of proof, or compelling the testimony of witnesses."
(footnote omitted) (citation omitted)).

efficiently, [duplicative] litigation can be avoided, thereby saving time and expense for both parties and witnesses, and inconsistent results can be avoided." *Wyndham Assocs. v. Bintliff*, 398 F.2d 614, 619 (2d Cir. 1968); *accord In re Glob. Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Cv. 3516(SWK), 2008 WL 4344531, at *8 (S.D.N.Y. Sept. 18, 2008) (Kram, J.) (granting transfer of a putative securities class action).  Courts in this District have repeatedly recognized that "the existence of a related action in the transferee district is a strong factor to be weighed with regard to judicial economy, and may be determinative." *In re Anadarko Petroleum Corp.*, Lead Case Nos. 10 Civ. 4905 (PGG), 10 Civ. 05894 (PGG), 2012 WL 12894796, at *10 (S.D.N.Y. Mar. 19, 2012) (Gardephe, J.) (citation omitted).

Moreover, the well-established first-filed rule "creates a presumption that the first suit should have priority between two similar actions filed in different fora." *MasterCard Int'l Inc. v. Lexcel Sols., Inc.*, No. 03 Civ.7157(WHP), 2004 WL 1368299, at *8 (S.D.N.Y. June 16, 2004) (Pauley, J.); *see also N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) ("[W]here there are two competing lawsuits, the first suit should have priority." (citation omitted)).  This is true even when the actions were commenced close in time.  *See, e.g.*, *Holiday Image LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, No. 14-CV-8660 (JMF), 2015 WL 366931 (S.D.N.Y. Jan. 28, 2015) (Furman, J.) (applying the first-filed rule where the first action preceded the second by one week); *Sterckx v. Luckin Coffee Inc.*, No. 20-cv-01677(KAM)(VMS), 2020 WL 1941283 (E.D.N.Y. Apr. 22, 2020) (*sua sponte* transferring, based on the first-filed rule, a putative securities class action filed six days after a related action in S.D.N.Y.).  Indeed, the PSLRA expresses a preference for the first-filed case, requiring only the first-filed plaintiff to notify potential members of the class and requiring courts to consolidate cases prior to appointing a lead plaintiff.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii) ("If more than one

action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed, only the plaintiff or plaintiffs in the first filed action shall be required to cause notice to be published in accordance with clause (i)."); *id.* § 78u-4(a)(3)(B)(ii).

Here, no unique circumstances justify departing from the first-filed rule.  This Action is virtually identical to the first-filed E.D.N.Y. Action.  Transferring this Action to the E.D.N.Y. for consolidation (along with the California Action) will promote efficiency and judicial economy and avoid wasteful duplication and the risk of inconsistent rulings throughout this litigation. Accordingly, all else being equal—as it is here—this Action should be transferred to the E.D.N.Y.

## CONCLUSION

For these reasons, this Action should be transferred to the E.D.N.Y.

Dated: New York, New York
      June 5, 2020

                            */s/ Robert A. Fumerton*
                            Scott D. Musoff
                            Robert A. Fumerton
                            Michael C. Griffin
                            **SKADDEN, ARPS, SLATE,**
                                **MEAGHER & FLOM LLP**
                            One Manhattan West
                            New York, New York 10001
                            Telephone: (212) 735-3000
                            Facsimile: (917) 735-2000
                            scott.musoff@skadden.com
                            robert.fumerton@skadden.com
                            michael.griffin@skadden.com

                            *Counsel for Defendant iQIYI Inc.*